W. S. CURLEE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 1638.   Promulgated March 22, 1927.

*Don T. Haynes, Esq.*, for the petitioner.
*John D. Foley, Esq.*, for the respondent.

This proceeding is for the redetermination of deficiencies in income tax for the years 1919 and 1920 in the amounts of $3,464.52 and $819.50, respectively.

FINDINGS OF FACT.

The petitioner was, during the years 1919 and 1920, a married man residing with his wife at Wichita Falls, Tex., and was engaged in the oil business, farming, and dealing in real estate.

The petitioner in his income-tax return for the year 1919 reported the amount of $4,500 as salary received from one H. F. Welden. In fact, he was not employed by Welden and did not receive any salary from him. However, the petitioner did, in the year 1919, purchase an oil lease from the firm of Welden & Lillard, which he sold later in the same year at a net profit of $4,500, which profit he did not report in his return. The respondent, upon audit of the petitioner's return, increased the income reported therein by the amount of the net profit realized from the sale of the oil lease, but did not eliminate therefrom the amount reported as salary received from Welden.

OPINION.

MARQUETTE: We are satisfied from the evidence that the petitioner in his income-tax return for the year 1919 erroneously reported as salary received from Welden the amount of $4,500, and failed to report the profit realized on the sale of an oil lease. The respondent has increased the petitioner's income as reported by the amount of the profit arising from the sale of the oil lease, but has not eliminated from income the amount included therein as salary. It is clear, we think, that the petitioner received no salary from Welden and that he is entitled to have his income for 1919, as determined by the respondent, reduced by the amount of $4,500.

Other errors on the part of the respondent in determining the petitioner's income for 1919 and 1920 are alleged in the petition herein, but they were either specifically abandoned at the hearing or the petitioner has failed to produce any competent evidence from which we can make findings of fact or conclusions relative thereto.

*Judgment will be entered on 15 days' notice, under Rule 50.*